IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ~~SP~~ D.C.

05 SEP 30 PM 2: 14

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
~~W.D. OF TN, MEMPHIS~~

| | | |
|---|---|---|
| ROBERT LEE BARNETT, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 04-2750-B/V |
| | X | |
| MARK H. LUTTRELL, JR., et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER ASSESSING $150 CIVIL FILING FEE

Plaintiff Robert Lee Barnett, RNI number 162920, who is currently an inmate at the Shelby County Detention Center ("SCDC") in Memphis,[1] filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 16, 2004, in connection with his previous incarceration at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 04118660. The plaintiff also filed a motion seeking leave to proceed in forma pauperis.[2]

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay

---

[1]    The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]    Although the docket sheet for this case indicates that a motion for appointment of counsel was filed on September 16, 2004, plaintiff's motion did not request appointment of counsel. The Clerk is ORDERED to correct the docket.

9/30/05

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _____

10

the full filing fee of $150 required by 28 U.S.C. § 1914(a).[3] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

---

[3]     Because this action was commenced prior to September 7, 2005, the new $250 civil filing fee is inapplicable.

2

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's

3

prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the SCDC to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Court will review this complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in a separate order.

IT IS SO ORDERED this ____30ᵗʰ____ day of September, 2005.


J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-02750 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Robert Lee Barnett
SHELBY COUNTY CORRECTION COMPLEX
162920
1045 Mullins Station Rd
B-Bldg A-Dorm
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT