```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

ROBERT LEE BARNETT,

    Plaintiff,

vs.                                      No. 04-2750-B/V

MARK H. LUTTRELL, JR., et al.,

    Defendants.

```
             ORDER TO COMPLY WITH PLRA
                         OR
              REMIT APPELLATE FILING FEE
```

Plaintiff Robert Lee Barnett, RNI number 162920,[1] who is currently an inmate at the Shelby County Correctional Center in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 16, 2004, in connection with his previous incarceration at the Shelby County Criminal Justice Complex, where his booking number was 04118660. The Court issued an order on September 30, 1995 assessing the $150 civil filing fee. On February 16, 2006, the Court, inter alia, dismissed the complaint without prejudice, pursuant to 42 U.S.C. § 1997e(a), and certified that an appeal would not be taken in good faith. Judgment was entered on February 17, 2006. Plaintiff filed a notice of appeal on March 21, 2006, which the United States Court of Appeals for the Sixth Circuit

---

[1] Plaintiff's Tennessee Department of Correction prisoner number is 148863.

docketed as case no. 06-5438. On May 1, 2006, plaintiff filed a motion seeking to proceed in forma pauperis on appeal.

In this Court's February 16, 2006 order, the plaintiff was advised that, in order to take an appeal, he must pay the $255 appellate filing fee.[2] Plaintiff was further instructed that, if he wishes to take advantage of the installment procedures for paying the filing fee, he must comply with the procedures set out in the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), and McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

In this case, Barnett submitted a motion for leave to proceed in forma pauperis, but he did not submit the documentation required by the PLRA and by McGore. In particular, he presented only the first page of the prisoner in forma pauperis affidavit, which does not contain his signature or a certification by the trust fund account officer. The plaintiff also filed only an uncertified copy of his trust fund account statement. Therefore, at the present time, he is not eligible to take advantage of the installment payment procedures of § 1915(b). Plaintiff is, however, liable for the full $255 appellate filing fee, which accrued at the moment the complaint was filed. Accordingly, plaintiff is hereby ORDERED to submit an in forma pauperis affidavit and a certified copy of his trust fund account statement or the full $255 civil filing fee to the following address within thirty (30) days after the entry of this order:

---

[2] Because the notice of appeal was filed prior to April 9, 2006, the new $455 appellate filing fee would appear to be inapplicable.

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

If plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court. McGore, 114 F.3d at 605. If he fails to file the required documentation, the Court will assess the full appellate filing fee, without regard to the installment-payment provisions of the PLRA, and will notify the Sixth Circuit, which will dismiss the appeal for failure to prosecute. McGore, 114 F.3d at 609-10. If dismissed under these circumstances, the case will not be reinstated despite the subsequent payment of the full appellate filing fee and regardless of any request for pauper status.

If Barnett timely submits the proper documentation, and the Court finds that he is indeed indigent, then plaintiff may take advantage of the installment procedures of § 1915(b). In such case, plaintiff will be able to make an initial partial payment equal to 20% of the greater of the average monthly deposits to his trust account for the past six months or the average monthly balance in his account for the past six months. After collection of the initial partial filing fee, the remaining balance will be collected in monthly installments equal to 20% of the income credited to the plaintiff's account during the preceding months. These monthly payments, however, will be withdrawn only when plaintiff's account balance exceeds $10.

The Clerk is ORDERED to provide the plaintiff a copy of the prisoner in forma pauperis affidavit form along with this

3

order. The Clerk shall also send a copy of this order to the United States Court of Appeals for the Sixth Circuit.

      IT IS SO ORDERED this 28th day of July, 2006.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE