IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ROBERT LEE BARNETT,

   Plaintiff,

vs.            No. 04-2750-B/V

MARK H. LUTTRELL, JR., et al.,

   Defendants.

---

ORDER ASSESSING APPELLATE FILING FEE

---

   Plaintiff Robert Lee Barnett, RNI number 162920,[1] who is currently an inmate at the Shelby County Correctional Center in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on September 16, 2004, in connection with his previous incarceration at the Shelby County Criminal Justice Complex, where his booking number was 04118660. The Court issued an order on September 30, 2005 assessing the $150 civil filing fee. The Court issued an order on February 16, 2006 that, inter alia, dismissed the complaint without prejudice, pursuant to 42 U.S.C. § 1997e(a), and certified that an appeal would not be taken in good faith. Judgment was entered on February 17, 2006. Plaintiff filed a notice of appeal on March 21, 2006, which the United States Court of Appeals for the Sixth Circuit docketed as case no. 06-5438. On May 1, 2006,

---

[1] Plaintiff's Tennessee Department of Correction prisoner number is 148863.

plaintiff filed a motion seeking to proceed in forma pauperis on appeal. Because that motion did not include the documentation required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), the Court issued an order on July 28, 2006 directing the plaintiff to comply with the PLRA or remit the $255 appellate filing fee.[2] The plaintiff submitted the necessary documentation on August 16, 2006.

In this Court's February 16, 2006 order, the plaintiff was advised that, in order to take an appeal, he must pay the $255 appellate filing fee. Plaintiff was further instructed that, if he wishes to take advantage of the installment procedures for paying the filing fee, he must comply with the procedures set out in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and 28 U.S.C. § 1915(b).

In this case, as previously noted, plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the inmate trust fund official. He has also submitted a trust fund account statement.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate an initial partial appellate filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund

---

[2] Because the notice of appeal was filed prior to April 9, 2006, the new $455 appellate filing fee would appear to be inapplicable.

account for the six months immediately preceding the filing of the notice of appeal. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial appellate filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial appellate filing fee is paid in full.

It is further ORDERED that after the initial partial appellate filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $255.00 appellate filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

   Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name, inmate number, and the case number on the first page of this order.

The plaintiff shall cooperate with prison officials in the making of these payments. If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

The assessment of this fee does not supplant the previous assessment of the district court filing fee. Rather, plaintiff is now obliged to pay both fees. Furthermore, the assessment of the two fees must now be made simultaneously. That is, the trust fund custodian shall collect 20% of the previous month's income for the district court filing fee and simultaneously collect 20% of the same month's income for the appellate court fee. Thus, the prison shall collect 40% of the income each month, until the district court fee is paid, and then 20% until the appellate fee payment is complete. <u>Lefkowitz v. Citi-Equity Group, Inc.</u>, 146 F.3d 609, 612 (8th Cir. 1998); <u>Newlin v. Helman</u>, 123 F.3d 429, 436 (7th Cir. 1997) (holding that "fees for filing the complaint and appeal cumulate").

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison and to the United States Court of Appeals for the Sixth Circuit. Finally, the Clerk is ORDERED to forward a copy of this order to the warden of the plaintiff's prison to ensure that the custodian of the plaintiff's inmate trust account complies

with that portion of the PLRA pertaining to the payment of filing fees.

       IT IS SO ORDERED this 31st day of August, 2006.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE